**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDREW J. NALBANDIAN, Jr., an individual; et al., | No. 11-17242 |
| Plaintiffs - Appellants, | D.C. No. 5:10-cv-01242-LHK |
| v. | MEMORANDUM[*] |
| LOCKHEED MARTIN CORPORATION, a Maryland corporation and LOCKHEED MARTIN CORPORATION SALARIED EMPLOYEE RETIREMENT PROGRAM, an employee pension plan within the meaning of 29 U.S.C. 102(2)(a) and 1002(35), | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Lucy Koh, District Judge, Presiding

Submitted May 17, 2013[**]
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: McKEOWN and WATFORD, Circuit Judges, and ZILLY, Senior District Judge.[***]

Andrew J. Nalbandian, Sr., terminated his employment with Lockheed Martin Missiles and Space Corporation ("Lockheed") approximately two weeks before he died. Because he did not live to the date upon which his retirement benefits were to commence under the Lockheed Martin Corporation Salaried Retirement Program ("the Plan"), Lockheed determined that no benefits were payable to Mr. Nalbandian's designated beneficiaries. Mr. Nalbandian's beneficiaries appealed the denial of benefits under ERISA and the district court granted summary judgment in favor of Lockheed. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we AFFIRM.

Appellants contend that the district court should have reviewed Lockheed's denial of benefits de novo. *Jebian v. Hewlett-Packard Co.*, 349 F.3d 1098 (9th Cir. 2003), on which they rely for that proposition, is factually distinguishable. Further, subsequent case law clarifies that a procedural error by a plan administrator does not change the applicable standard of review from abuse of discretion to de novo review. Instead, a procedural error by the administrator is

---

[***] The Honorable Thomas S. Zilly, Senior District Judge for the U.S. District Court for the Western District of Washington, sitting by designation.

one factor that the district court should consider in determining whether the administrator abused its discretion. *Salomaa v. Honda Long Term Disability Plan*, 642 F.3d 666, 674 (9th Cir. 2011) (procedural errors committed by the administrator must be "weighed in deciding whether the administrator's decision was an abuse of discretion."); see also *Conkright v. Frommert*, 559 U.S. 506, 130 S. Ct. 1640, 1644 (2010) ("single honest mistake in plan interpretation" does not strip administrator of deference). In the present case, the district court properly applied the abuse of discretion standard, taking into consideration the structural conflict of interest and alleged procedural errors in the claims handling process.

Appellants argue that the district court failed to adequately analyze the structural conflict of interest. Because Appellants did not bring to light any evidence of actual bias in the claims review process, the district court properly concluded that the structural conflict of interest "only slightly increases the Court's level of skepticism during review for abuse of discretion." This is consistent with our reasoning in *Montour v. Hartford Life & Accident Ins. Co.*, that the weight afforded to a conflict of interest should be adjusted "based on the degree to which the conflict appears improperly to have influenced a plan administrator's decision." 588 F.3d 623, 631 (9th Cir. 2009).

Appellants argue that Lockheed abused its discretion in denying benefits

under the terms of the Plan.  However, Mr. Nalbandian selected the Guaranteed Period Option which provides guaranteed payments to the participant for a period of five years, with the proviso that "if he shall die *after* the Benefit Commencement Date and before 60 . . . monthly payments have been made" such payments shall be made to the beneficiary of the participant for the remainder of the 60-month period.  Mr. Nalbandian passed away before  his Benefit Commencement Date, as that term is defined by the Plan.  As a result, his beneficiaries are not entitled to benefits.

Appellants contend that the district court erred by dismissing their claim for equitable estoppel.  This argument fails because the Plan terms concerning payment of benefits under the Guaranteed Period Option are not ambiguous. *Watkins v. Westinghouse Hanford Co.*, 12 F.3d 1517, 1527 (9th Cir. 1993). AFFIRMED.